USCA1 Opinion

 

 

 United States Court of Appeals
 For the First Circuit
 ____________________

No. 97-2420

 UNITED STATES,

 Appellee,

 v.

 CLIFFORD A. PROCTOR,

 Defendant, Appellant.

 ____________________

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MAINE

 [Hon. Morton A. Brody, U.S. District Judge]

 ____________________

 Before

 Torruella, Chief Judge,

 Bownes, Senior Circuit Judge,

 and Stahl, Circuit Judge. 

 _____________________

 Daniel J. Perry, by appointment of the Court, with whom
Karen D. Kemble and Silver & Perry were on brief for appellant.
 Margaret D. McGaughey, Assistant United States Attorney, with
whom Jay P. McCloskey, United States Attorney, and Timothy D. Wing,
Assistant United States Attorney, were on brief for appellee.

 ____________________

 July 13, 1998
 ____________________ TORRUELLA, Chief Judge. Defendant Clifford A. Proctor,
charged in a three-count superseding indictment, entered a
conditional plea of guilty to one count of possession with intent
to distribute a quantity of marijuana in violation of 21 U.S.C.
 841(a)(1) and 18 U.S.C. 2. The government dismissed the
remaining counts against him. Proctor appeals the district court's
denial of his pretrial motion to suppress evidence seized during a
pat-down search of his person by state police. We hold that the
search and seizure at issue did not violate the Fourth Amendment. 
Accordingly, we affirm.
 I. BACKGROUND
 The following facts are essentially undisputed.
 In September 1993, the Tucson, Arizona and Camden, Maine
police were working together in an investigation of an interstate
marijuana growing, shipping and resale conspiracy. Evidence
revealed that packages were being sent to RR #1, Box 4528, Camden,
Maine, the residence of Patricia and Todd Proctor. The Camden
Police planned a controlled delivery of a package known to contain
marijuana, and sought an anticipatory warrant to search the
property in conjunction with the delivery. The warrant mentioned
only Patricia and Todd Proctor, not their son, Clifford. The
warrant also contained no information, speculation, or suspicion
that the residence was frequented by anyone buying or selling
drugs. The warrant issued for the premises and vehicles under the
control of Patricia or Todd Proctor.
 After Camden police delivered the package to the Proctor
residence at 3:15 on September 9, 1993, three police officers began
to execute the warrant. As they did, an individual fled into the
woods behind the residence. Two officers pursued, while Officer
Cameron Campbell stayed behind to "maintain the internal security
and integrity of the residence."
 Shortly thereafter, Campbell observed two young men
arrive in a vehicle. They climbed the two hundred steps to the
Proctors' front door. As they neared the top of the stairs,
Campbell stepped out of the house, identified himself, and asked
the two men to come up onto the porch. Those men were Clifford
Proctor and his friend. As they entered the porch, from a distance
of eight to ten feet, the officer noticed a bulge in Proctor's
jacket pocket.
 The men complied fully with Officer Campbell's
instructions. Officer Campbell frisked Proctor first. He touched
the bulge in Proctor's jacket pocket and felt a soft, leafy
substance in a glassine bag which he believed to be marijuana. He
said nothing and proceeded to pat down the other individual. Then
Officer Campbell ordered them both to produce identification, which
they did. The officer proceeded to ask Proctor to empty his
pockets. Proctor emptied his pants pockets and gave Officer
Campbell the contents. When Proctor indicated that he had nothing
else in his pockets, the officer reached into Proctor's jacket
pocket and removed a plastic bag containing marijuana. Proctor was
then arrested and a warrant obtained to search his business, the
Cranberry Tiger, where more evidence against him was discovered.
 The government brought a three-count superseding
indictment against Proctor, charging him with conspiring to
distribute marijuana. After the indictment was returned, Proctor
moved to suppress evidence, challenging, inter alia, the seizure of
marijuana from his jacket during Officer Campbell's pat-down search
of his person. The district court denied his motion to suppress,
finding that the officer had a reasonable basis to perform the
frisk given the totality of the circumstances and to remove the
glassine bag containing marijuana. Proctor filed a notice of
appeal from this denial. Subsequently, he pled guilty to one count
of possession with intent to distribute a quantity of marijuana,
but had the other counts against him dismissed. His guilty plea is
conditional upon the outcome of this appeal.
 II. DISCUSSION
 We review a district court's findings of fact for clear
error and its conclusions of law de novo. See United States v.
Young, 105 F.3d 1, 5 (1st Cir. 1997). "Determinations of probable
cause and reasonable suspicion, relevant to the constitutionality
of law enforcement seizures and arrests under the Fourth Amendment,
present mixed questions of law and fact which we review de novo." 
Id.
 A. The Pat-Down Search
 The Fourth Amendment guarantees "[t]he right of the
people to be secured in their persons, houses, papers, and effects,
against unreasonable searches and seizures . . . ." U.S. Const.
amend. IV. "'[S]earches and seizures conducted outside the
judicial process, without prior approval by judge or magistrate are
per se unreasonable under the Fourth Amendment -- subject only to
a few specially established and well delineated exceptions.'" SeeUnited States v. Schiavo, 29 F.3d 6, 8 (1st Cir. 1994) (quoting
Minnesota v. Dickerson, 508 U.S. 366, 372 (1993)). One such
exception was recognized in Terry v. Ohio, 392 U.S. 1 (1968), in
which the Supreme Court held:
 [W]here a police officer observes unusual
 conduct which leads him reasonably to conclude
 in light of his experience that criminal
 activity may be afoot and that the persons
 with whom he is dealing may be armed and
 presently dangerous, . . . and where nothing
 in the initial stages of the encounter serve
 to dispel his reasonable fear for his own or
 others' safety, he is entitled for the
 protection of himself and others in the area
 to conduct a carefully limited search of the
 outer clothing of such persons in an attempt
 to discover weapons which might be used to
 assault him.

Id. at 30.
 Proctor contends that Officer Campbell lacked a
reasonable suspicion to conduct a Terry frisk. Relying
substantially on Ybarra v. Illinois, 444 U.S. 85 (1979), appellant
avers that the officer had "no reason to believe [Proctor] had
committed, was committing, or was about to commit any offense under
state or federal law." Id. at 91. In Ybarra, the Supreme Court
held that although a search warrant issued upon probable cause gave
police the authority to search the premises of a small public
tavern and to search the bartender for narcotics, a pat-down search
of a tavern patron, Ventura Ybarra, was not constitutionally
permissible where there was no reasonable belief that he was
involved in any criminal activity or that he was armed or
dangerous.
 As the Ybarra court noted, "[w]here the standard is
probable cause, a search or seizure of a person must be supported
by probable cause particularized with respect to that person." Id.
at 91. Likewise, the Terry frisk of appellant must be supported by
a reasonable suspicion particularized with respect to Proctor. We
find that the facts surrounding Proctor's encounter with the
officer gave rise to a reasonable belief that a pat-down search was
warranted. Officer Campbell was alone in a remote location,
accessible only by climbing two hundred steps, with a package
containing five pounds of marijuana nearby. His two fellow
officers had just left the house in pursuit of an individual who
had fled into the woods. Proctor and his companion arrived at the
residence, where a search warrant was being executed, within
fifteen minutes of the controlled delivery of marijuana. Unlike
the defendant in Ybarra who was a customer in a public tavern,
Proctor entered the grounds of a private residence. It is
reasonable to infer that Proctor and his friend were prospective
buyers or otherwise connected with the distribution of the
marijuana. 
 In the face of two individuals who were conceivably
involved in illegal drug trafficking, Officer Campbell, as the only
officer on the scene, had a legitimate concern for his personal
safety. In particular, the bulge that the officer observed in
Proctor's jacket, when viewed in light of the other details
surrounding the encounter, permitted a reasonable inference that
appellant was armed and dangerous. Proctor argues that the
officer's testimony suggests that he would have searched the two
individuals even in the absence of a noticeable bulge. However, we
need not concern ourselves with what would have happened under
different circumstances, but only with what actually happened. 
Moreover, in assessing a Fourth Amendment challenge, we consider
the objective reasonableness of an individual officer's conduct
rather than that officer's actual subjective motivations. SeeWhren v. United States, 517 U.S. 806, 814 (1996) ("[T]he fourth
Amendment's concern with 'reasonableness' allows certain actions to
be taken in certain circumstances, whatever the subjective
intent."). We rule that, under the totality of the circumstances,
the officer's pat-down search of Proctor did not violate the Fourth
Amendment.
 B. The Seizure of the Marijuana
 Proctor argues that, even if the police had a reasonable
suspicion to conduct a search, the district court erred in ruling
that the officer, upon patting down the defendant, made an
immediate determination that the bulge was in fact a glassine bag
containing marijuana, and that it was reasonable for the officer to
remove the item from Proctor's jacket. Under the "plain-view"
doctrine, during a lawful search, police may seize an object in
plain view without a warrant if "its incriminating character is
immediately apparent . . . ." Minnesota v. Dickerson, 508 U.S.
366, 375 (1993). Similarly, the "plain-feel" doctrine permits an
officer who "lawfully pats down a suspect's outer clothing and
feels an object whose contour or mass makes its identity
immediately apparent" to seize the contraband. Id. We review a
finding that the incriminating nature of an object was immediately
apparent from a plain feel for clear error. See United States v.
Schiavo, 29 F.3d 6, 9 (1st Cir. 1994).
 We hold that the seizure of the glassine bag of marijuana
from Proctor's jacket falls within the scope of the plain-feel
doctrine. In Schiavo, this court upheld the district court's
suppression of evidence seized during a pat-down search because the
state trooper conducting the search indicated that only after he
had taken a paper bag from the defendant's jacket and examined its
contents was he able to determine that the bulge was contraband. 
See 29 F.3d at 9. In this case, the district court found that
Officer Campbell, upon feeling the bulge, immediately recognized it
as a bag containing marijuana. The Dickerson court noted:
 Terry itself demonstrates that the sense of
 touch is capable of revealing the nature of an
 object with sufficient reliability to support
 a seizure. The very premise of Terry, after
 all, is that officers will be able to detect
 the presence of weapons through the sense of
 touch and Terry upheld precisely such a
 seizure.

508 U.S. at 376. Officer Campbell testified that he was
consistently able to determine the feel of marijuana from
conducting numerous pat-downs of suspects. It is important to note
that the officer was conducting the frisk at a residence where he
had just delivered five pounds of marijuana. Under these
circumstances, we find no clear error.
 While the defendant argues that the evidence should be
excluded under Dickerson, Officer Campbell did not engage in a
"continued exploration of respondent's pocket after having
concluded that it contained no weapon," id. at 378, as the officer
in Dickerson did. Instead, he immediately determined the contents
of the bulge after a more cursory feel. Proctor also alleges that
clear error resulted from the district court's oral ruling that the
officer had a reasonable basis to perform the pat-down "given the
circumstances surrounding the pat-down for weapons and/or
contraband." Appellant asserts that the district court found
Officer Campbell's continued exploration of the bulge with his
fingers permissible because of its mistake with respect to the
scope of Terry, which allows only a frisk for weapons. We reject
this argument outright. It is clear from the transcript of the
hearing on Proctor's suppression motion as well as the district
court's written order that the basis of its decision not to
suppress the drug evidence was the plain-feel doctrine in Dickersonrather than the scope of Terry. In other words, the district court
relied on the fact that the identity of the bulge was immediately
apparent to Officer Campbell rather than on its belief that Terryallows a pat-down for contraband. Accordingly, the district court
properly denied Proctor's motion to suppress.
 Having determined that the search and seizure at issue
was constitutionally permissible, we need not reach appellant's
argument that any evidence obtained from the subsequent search of
Proctor's business premises should be suppressed as fruit of the
poisonous tree."
 III. CONCLUSION
 For the foregoing reasons, we affirm the district court's
order denying defendant's suppression motion.